**Thomas A. LYNCH and Susan A. Lynch**

v.

**James NEARY, in his capacity as Tax Assessor of the City of Warwick.**

**No. 93–641–Appeal.**

Supreme Court of Rhode Island.

Dec. 21, 1994.

Donald Page, Thomas Lynch, Providence.

Mark Pogue, Ellen Jordan, Providence.

### ORDER

This case came before this court on December 12, 1994, pursuant to an order directing the parties to appear and show cause why the issues raised in the plaintiffs' appeal should not be summarily decided. The plaintiffs Thomas A. Lynch and Susan A. Lynch (the Lynchs) contend that the trial justice erred in granting defendant's motion to dismiss on the basis of the Lynchs' failure to file a timely petition to contest the decision of the Warwick Board of Assessment Review (the board).

Pursuant to G.L. 1956 (1988) § 44–5–26 a person aggrieved by a tax assessment may, "within thirty (30) days after a final decision of any local administrative appeal * * *, file a petition in the superior court." Where, as here, the statute is unambiguous on its face, this court must interpret the statute according to the plain and literal meaning of the language contained therein. *Providence Journal Co. v. Sundlun*, 616 A.2d 1131, 1135 (R.I.1992). With this in mind, we believe § 44–5–26 is clear in requiring a petition to be filed within thirty days after a final decision has been rendered.

In the instant case, the board reached its final decision on June 24, 1993. The Lynchs petitioned the superior court on July 28, 1993, thirty-four days after the board's final decision. Therefore, we are of the opinion that § 44–5–26 bars the Lynchs' action, and as such the trial justice properly granted defendant's motion to dismiss.

Accordingly, after hearing the arguments of counsel and reviewing the memoranda that

the parties submitted, this court concludes that cause has not been shown. The plaintiffs appeal is denied and dismissed, and the judgment appealed from is affirmed.